UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRIS THARP, RICARDO ROMO, and MARTIN KOLODZIEJ, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § § § | No. 5:15-CV-983-DAE |
| Plaintiffs, | | |
| vs. | | |
| ENERGES LLC f/k/a MESA SERVICES, LLC, | | |
| Defendant. | | |

ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (2)
DISMISSING WITHOUT PREJUDICE MOTION TO CONDITIONALLY
<u>CERTIFY CLASS ACTION</u>

Before the Court is a Motion for Leave to File a First Amended Complaint filed by Chris Tharp, Ricardo Romo, and Martin Kolodziej, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"). (Dkt. # 18.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. Upon careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Leave to a File First Amended Complaint (Dkt. # 18).

1

BACKGROUND

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  On November 10, 2015, Plaintiffs initiated the lawsuit by filing a complaint in this Court.  Plaintiffs allege that they worked as H2S Field Safety Technicians for Defendant Energes LLC f/k/a Mesa Services, LLC ("Energes") between 2011 and 2015.  ("Orig. Compl.," Dkt. # 1 ¶¶ 12, 18, 22.)  Plaintiffs allege that Energes violated the FLSA by not paying them overtime wages for hours worked in excess of 40 per week.  (Id. ¶ 27.)  Plaintiff Tharp further alleges that Energes terminated his employment in violation of the FLSA's Anti-Retaliation Provision.  (Id. ¶ 40−42; 29 U.S.C. § 215(a)(3).)

On December 15, 2016, Energes filed its Rule 7 Disclosure Statement declaring that the parent company of Energes is IC Energes Holdings, LLC ("Energes Holdings"), the parent company of which is Intervale Capital Fund II, L.P. ("Intervale"); finally Energes disclosed that its subsidiary Energes Oilfield Solutions, LLC ("Energes Solutions").  (Dkt. # 5.)

On April 28, 2016, Plaintiffs filed the instant Motion for Leave to File First Amended Complaint (Dkt. # 18) and a Motion to Conditionally Certify a Collective Action (Dkt. # 19).  The motion for leave to file an amended complaint seeks to add four parties as defendants: James Brymer and the entities named in Defendant's Rule 7 disclosure statement: Energes Solutions, Energes Holdings,

and Intervale.  (Dkt. # 18 ¶¶ 4−5.)   The proposed amended complaint alleges that James Brymer was in charge of Mesa Services, a predecessor in interest of Energes and Energes Solutions, that employed Plaintiffs.  ("First Am. Compl.," Dkt. # 18, Ex A. ¶ 14.)  Plaintiffs also allege that Energes Holdings owns 100% of the stock of Energes.  (Id. ¶ 12.)

Energes filed a response to Plaintiffs instant motion (Dkt. # 20), but Plaintiffs did not file a reply.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Federal Rules permit liberal amendment of pleadings, and Rule 15(a) favors granting leave to amend.  However, "leave to amend is by no means automatic" and the "decision lies within the sound discretion of the district court." Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999).

A court should consider five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  Smith v. EMC Corp, 393 F.3d 590, 595 (5th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182

(1962)).  "Absent any of these factors, the leave sought should be freely given." EMC Corp., 393 F.3d at 595.

## DISCUSSION

Defendant Energes objects to the addition of Energes Holdings and Intervale as named defendants.  (Dkt. # 20.)  Energes argues that such an amendment adding these two entities is futile as a matter of law.  (Id. at 3.)

I.   Futility of Adding Energes Holdings and Intervale

An amendment is futile if it would fail to survive a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.  Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In order "[t]o be bound by the requirements of the [FLSA], one must be an 'employer.'"  Kidwell v. Digital Intelligence Systems, LLC, 2014 WL 4722706, at *2 (N.D. Tex. Sept. 22, 2014) (citing Donovan v. Grim Hotel Co., 747 F.2d 966, 971 (5th Cir. 1984)); see also 29 U.S.C. §§ 206−07.  Pursuant to the

4

FLSA, the term employer "includes any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d).  The Supreme Court has determined that the FLSA's definition of "employer" is to be interpreted expansively.  Falk v. Brennan, 414 U.S. 190, 195 (1973).  Thus, "[t]he term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work.'"  Lee v. Coahoma Cnty., 937 F.2d 220, 226 (5th Cir. 1991) (quoting Falk, 414 U.S. at 195).

To determine whether an individual or entity is an employer for purposes of FLSA liability, the Fifth Circuit uses the "economic reality" test.  Gray v. Powers, 673 F.3d 352, 354 (5th Cir. 2012).  In applying this test, the court considers whether the alleged employer: (1) "possessed the power to hire and fire the employees"; (2) "supervised and controlled employee work schedules or conditions of employment"; (3) "determined the rate and method of payment"; and (4) "maintained employment records." Id. at 355.  "In cases where there may be more than one employer, [the] court must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." Id. (internal quotations omitted).  Accordingly, to state a claim under the FLSA, a plaintiff must allege facts sufficient to show satisfaction of the economic realities test for each entity it seeks to hold liable under the FLSA.

### A. IC Energes Holdings, LLC

To hold a parent company liable under a joint employer theory for alleged FLSA violations, the Fifth Circuit requires a showing of "actual operational control" of the employment of the employees. Gray, 673 F.3d at 355. The Fifth Circuit went on to hold that "a status-based inference of control cannot alone suffice" to establish a parent company or shareholder as an employer. Id. at 356. Indeed, the Fifth Circuit recognized the First Circuit's position that "it should not be lightly inferred that Congress intended to disregard this [corporate form] shield in the context of the FLSA." Id. (quoting Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 677 (1st Cir. 1998)).

Here, Plaintiffs mention Energes Holdings once in their amended complaint−in the section defining parties and service. Plaintiffs allege:

> Defendant IC Energes Holdings, LLC is a foreign limited liability company with its principal place of business in Houston Texas. This Defendant owns 100% of the [s]tock of Energes LLC. This Defendant is not registered to do business in Texas and may be served with process by serving the Secretary of State of Texas.

("Am. Compl.," Dkt. # 18, Ex. A.)

Despite alleging that Energes Holdings owns 100% of the stock of Energes LLC, Plaintiffs fail to allege how 100% stock ownership translates into actual control over the daily operations of Energes. To find that 100% stock ownership alone makes Energes Holdings an FLSA employer would be a status-

6

based inference, which is prohibited by the Fifth Circuit. Nowhere in the proposed amended complaint do Plaintiffs allege facts that Energes Holdings was an employer under the economic realities test; Plaintiffs allege no facts that Energes Holdings possessed the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records. Instead, Plaintiffs make factual allegations that Mesa Safety, the predecessor of Energes, and Energes Solutions, committed the alleged conduct that has given rise to this lawsuit.

Additionally, Plaintiff make vague allegations that "Defendants" prohibited [Plaintiffs] from leaving the city during time-off and "Defendants" never paid overtime, but instead paid Plaintiffs a salary with daily bonuses. (Am. Compl. ¶¶ 16−18, 21−24.) A reading of the factual allegations in the context of the proposed amended complaint leads the Court to conclude that the term "Defendants" references Mesa Safety and Energes Solutions, not Energes Holdings. Accordingly, amending the complaint to add Energes Holdings is futile as a matter of law because Plaintiffs have failed to state a claim against this entity for which relief can be granted.

### B. Intervale Capital Fund II, L.P.

Like their mention of Energes Holdings, Plaintiffs only mention Intervale once in their amended complaint, in the section defining parties and service. Plaintiffs allege:

> Defendant Intervale Capital Fund II is a foreign limited liability company with its principal place of business in Houston Texas. This Defendant is not registered to do business in Texas and may be served with process by serving the Secretary of State of Texas.

(Am. Compl. ¶ 13.) Aside from this paragraph, Plaintiffs have failed to make any factual allegations as to how Intervale had any control over aspects of Plaintiffs' employment. See Smith v. Westchester Cnty, 769 F. Supp. 2d 448, 475−76 (S.D.N.Y. 2011) ("[T]o survive a motion to dismiss, Plaintiff need not allege facts to satisfy the economic reality test; instead, he must simply 'plead that the proposed [defendants] had substantial control over the aspects of employment alleged to have been violated.'") The allegations in the proposed amended complaint do not indicate that Intervale played a role in Plaintiffs' employment giving rise to alleged violations of the FLSA.

Accordingly, amending the complaint to add Intervale, is futile as a matter of law, because Plaintiffs have failed to state a claim against this entity for which relief can be granted.

### C. Energes Oilfield Solutions LLC f/k/a Mesa Services, LLC and James Brymer

Defendants do not oppose the addition of Energes Solutions or James Brymer as defendants in the proposed amended complaint.  Plaintiffs have pled facts to demonstrate Brymer and Energes Solutions acted as employers.  Plaintiffs have pled that Brymer was the owner of Mesa Safety Services ("Mesa"), he dictated the goals of the organization, managed key internal relationships, directed the financials of the organization as the President, controlled salary and raises of employees, had the power to hire and fire employees, controlled work schedules, and maintained employment records.  (Am. Compl. ¶ 14.)  Plaintiffs also allege facts that Energes Solutions took over Mesa, failed to appropriately compensate Plaintiffs Tharp and Romo prior to October 2014, and that Energes Solutions terminated Tharp's employment in alleged retaliation for discussing compensation violations with other employees.  (Id. ¶¶ 16−23.)

Further, there is no undue delay in adding these parties, because the motion to amend the complaint is within the time granted by the Court's scheduling order and Energes identifies no prejudice it will experience with the addition of these parties.  The Court also finds that there is no evidence of bad faith or dilatory tactics that would weigh against granting leave to amend the complaint.

CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to File a First Amended Complaint (Dkt. # 18).

**IT IS ORDERED** that Plaintiffs may file an amended complaint adding James Brymer and Energes Oilfield Solutions LLC f/k/a Mesa Services, LLC, as defendants.

**IT IS FURTHER ORDERED** that Plaintiffs may not file an amended complaint that adds IC Energes Holdings, LLC and Intervale Capital Fund II, L.P., as defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Conditionally Certify Collective Action (Dkt. # 19) is **DISMISSED WITHOUT PREJUDICE** in light of the amended complaint. Plaintiffs should re-file this motion after filing their amended complaint and properly executing service of process on all new defendants.

**IT IS FURTHER ORDERED** that the parties meet and confer and file a joint agreed scheduling order.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, June 15, 2016.

10

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE